IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

KAREN E. BOHANNON,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

Case No. 3:18-cv-414

JUDGE WALTER H. RICE

---

DECISION AND ENTRY ADOPTING UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS (DOC. #13); OVERRULING DEFENDANT'S OBJECTIONS THERETO (DOC. #14); VACATING COMMISSIONER'S NON-DISABILITY FINDING; REMANDING MATTER TO COMMISSIONER UNDER SENTENCE FOUR OF 42 U.S.C. § 405(g) FOR FURTHER CONSIDERATION; JUDGMENT TO ENTER IN FAVOR OF PLAINTIFF AND AGAINST DEFENDANT; TERMINATION ENTRY

---

Plaintiff Karen Bohannon has brought this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Defendant Commissioner denying Plaintiff's application for Social Security disability benefits. The Court presumes the parties' familiarity with the relevant facts and procedural history.

The Administrative Law Judge ("ALJ") concluded that Plaintiff had the residual functional capacity to perform light work with certain restrictions and therefore was not disabled. Doc. #5-2, PageID##58-63. Plaintiff alleges that, in so finding, the ALJ erred in evaluating the medical source opinions and longitudinal medical evidence. More specifically, she argues that the ALJ conflated the two

steps of the "treating physician rule" with respect to Dr. Rajendra Aggarwal, failed to consider Dr. Matthew Noordsij-Jones's opinion, and cherry-picked the record.

On February 7, 2020, United States Magistrate Judge Sharon L. Ovington filed a Report and Recommendations, Doc. #13, recommending that the Court vacate the Commissioner's decision, and remand the matter under Sentence Four of 42 U.S.C. § 405(g) for further consideration. Defendant has filed Objections to the Report and Recommendations, Doc. #14.

In reviewing the Commissioner's decision, the Court's task is to determine whether the ALJ used the correct legal criteria and whether the non-disability finding is supported by "substantial evidence." 42 U.S.C. § 405(g); *Bowen v Comm'r of Soc. Sec.*, 478 F.3d 742, 745-46 (6th Cir. 2007). Under 28 U.S.C. § 636(b)(1)(C), this Court is required to make a *de novo* review of those portions of the Report and Recommendations to which proper objections are made. The Court must re-examine all the relevant evidence previously reviewed by the Magistrate Judge to determine whether the Commissioner's findings are supported by substantial evidence. *Valley v. Comm'r of Soc. Sec.*, 427 F.3d 388, 390 (6th Cir. 2005). In making this determination, "we review the evidence in the record taken as a whole." *Wilcox v. Sullivan*, 917 F.2d 272, 276-77 (6th Cir. 1980) (citing *Allen v. Califano*, 613 F.2d 139, 145 (6th Cir. 1980)).

The Commissioner's findings must be affirmed if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol.*

*Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)). The Court "may not try the case *de novo* nor resolve conflicts in evidence nor decide questions of credibility." *Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 422 (6th Cir. 2008) (quoting *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984)).

"The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion." *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Rather, if the Commissioner's decision "is supported by substantial evidence, then we must affirm the [Commissioner's] decision[,] even though as triers of fact we might have arrived at a different result." *Elkins v. Sec'y of Health and Human Servs.*, 658 F.2d 437, 439 (6th Cir. 1981) (citing *Moore v. Califano*, 633 F.3d 727, 729 (6th Cir. 1980)).

Based upon the reasoning and citations of authority set forth in the Magistrate Judge's Report and Recommendations, Doc. #13, as well as upon a thorough *de novo* review of this Court's file, including the Administrative Record, Doc. #5, the parties' briefs and the applicable law, this Court ADOPTS the Report and Recommendations in their entirety, VACATES the non-disability finding of the Defendant Commissioner, and REMANDS the case under Sentence Four of 42 U.S.C. § 405(g) for further consideration. Defendant's Objections to the Report and Recommendations, Doc. #14, are OVERRULED.

Evaluation of a treating source's opinion consists of a two-step process, and care must be taken "not to conflate the steps." *Cadle v. Comm'r of Soc. Sec.*,

No. 5:12-cv-3071, 2013 WL 5173127, at *5 (N.D. Ohio Sept. 12, 2013). A treating source's opinion must be given controlling weight if it is well-supported by medically acceptable diagnostic techniques and is not inconsistent with other substantial evidence in the case record. 20 C.F.R. § 416.927(c)(2). If the treating source's opinion is *not* entitled to controlling weight, the ALJ must consider several factors in determining how much deference is owed. *Id.* These factors include supportability and consistency. 20 C.F.R. § 416.927(c)(3) and (4).

Here, the ALJ noted that Dr. Aggarwal had opined that Plaintiff could lift and carry only up to five pounds and that her ability to push, pull and bend were extremely limited. The ALJ found, however, that Dr. Aggarwal did not offer any medical evidence to support these limitations. He noted that Plaintiff's medical records showed "relatively benign degenerative changes in both the claimant's back and neck" and no surgery had been recommended. The ALJ then concluded that "the factors of supportability and consistency do not warrant giving controlling or deferential weight to the opinions offered by Dr. Aggarwal." Doc. #5-2, PageID#61.

Magistrate Judge Ovington agreed with Plaintiff that the ALJ improperly conflated the controlling-weight analysis with the deferential-weight analysis. She noted that supportability and consistency are to be considered only *after* the ALJ finds that the treating physician's opinion is not entitled to controlling weight. Doc. #13, PageID#1745 (citing *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 376 (6th Cir. 2013)). Here, the ALJ made no initial finding that Dr. Aggarwal's

4

opinion was not entitled to controlling weight. Accordingly, the Magistrate Judge concluded that the ALJ "failed to evaluate [Dr. Aggarwal's] opinions under the correct legal criteria." *Id.* at PageID#1746.

In his Objections, Defendant argues that, even though the ALJ may have conflated the two steps, no remand is required. Defendant maintains that, weighing the decision as a whole, the ALJ adequately explained why he rejected Dr. Aggarwal's opinion. According to Defendant, any alleged error therefore was harmless. Defendant argues that because substantial evidence supports the ALJ's conclusion, the Court should affirm the decision.

The Court disagrees. As Magistrate Judge Ovington pointed out, there are other problems with the ALJ's analysis. The ALJ also overlooked other medical records, including a lumbar MRI indicating moderate left neural foraminal narrowing, neck x-rays showing moderate cervical spondylosis, and treatment notes consistently documenting decreased range of motion, tenderness, bony tenderness and pain in Plaintiff's lumbar and cervical spines. Doc. #13, PageID##1746-47. In addition, the ALJ did not acknowledge that Dr. Aggarwal's opinion was consistent with later treatment notes of Cara Perez, M.D., and Matthew Noordsij-Jones, M.D. *Id.* at PageID##1747-48. In fact, the ALJ did not discuss Dr. Jones' opinion at all. Moreover, the ALJ subjected Dr. Aggarwal's opinion to more rigorous scrutiny than the opinions of the state-agency consultants. *Id.* The Court therefore agrees with Magistrate Judge Ovington that

the ALJ's failure to properly apply the treating physician rule does not constitute harmless error.

For the reasons stated above, the Court concludes that the ALJ's non-disability finding must be VACATED. The Court makes no finding as to whether Plaintiff was under a disability. Under the circumstances presented here, a judicial award of benefits is not warranted. *See Faucher v. Sec'y of Health and Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994) ("A judicial award of benefits is proper only where the proof of disability is overwhelming or where the proof of disability is strong and evidence to the contrary is lacking."). Accordingly, the Court REMANDS this case to the Social Security Administration under Sentence Four of 42 U.S.C. § 405(g) for further consideration. On remand, the ALJ shall evaluate the evidence of record, including the medical source opinions, under the applicable legal criteria and evaluate Plaintiff's disability claim anew.

Judgment shall be entered in favor of Plaintiff and against Defendant Commissioner.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

Date: March 12, 2020

*[signature: Walter H. Rice]*
WALTER H. RICE
UNITED STATES DISTRICT JUDGE